Judge Robert S. Lasnik

03-CR-00291-MISC

FILED ___ ENTERED
LODGED ___ RECEIVED

SEP 19 2003

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR03-291L |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| PAUL DOUGLAS REVAK, | |
| Defendant. | |

Comes now the United States of America, by and through John McKay, United States Attorney, and Andrew R. Hamilton and Karyn S. Johnson, Assistant United States Attorneys for the Western District of Washington, and the defendant, PAUL DOUGLAS REVAK, and his attorneys, Thomas W. Hillier II and Paul Hartley, and enter into the following Agreement pursuant to Federal Rule of Criminal Procedure 11(e):

1. Guilty Plea. Defendant agrees to enter a plea of guilty to the felony offense of Attempted Receipt of Explosives, in violation of 18 U.S.C. § 844(d).

2. The Charge. Defendant, having been advised of the right to have this matter indicted by a federal grand jury, agrees to waive that right and enter a plea of guilty to an Information. By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document.

3. The Penalties. Defendant understands that the statutory penalties for this offense are as follows: Imprisonment for up to ten (10) years, a fine of up to two hundred fifty thousand dollars ($250,000.00), a term of supervised release of two (2) to

REVAK PLEA AGREEMENT/— 1

1   three (3) years and a one hundred dollar ($100.00) penalty assessment. Defendant
2   agrees that the penalty assessment and any monetary penalty the Court may impose
3   shall be paid at or before the time of sentencing.
4       4.   <u>Rights Waived by Pleading Guilty</u>. Defendant represents to the Court that
5   he is satisfied that his attorney has rendered effective assistance. Defendant
6   understands that by pleading guilty, he knowingly and voluntarily waives the following
7   rights:
8       a.   The right to plead not guilty, and to persist in a plea of not guilty;
9       b.   The right to a speedy and public trial before a judge;
10      c.   The right to the effective assistance of counsel, including, if
11  Defendant could not afford an attorney, the right to have the Court appoint one for
12  Defendant;
13      d.   The right to be presumed innocent until guilt has been established
14  at trial, beyond a reasonable doubt;
15      e.   The right to confront and cross-examine witnesses against
16  Defendant;
17      f.   The right to compel or subpoena witnesses to appear on
18  Defendant's behalf;
19      g.   The right to testify or to remain silent at trial, which such silence
20  could not be used against Defendant; and
21      h.   The right to appeal a finding of guilt or any pretrial rulings.
22      5.   <u>Applicability of Sentencing Guidelines</u>. Defendant understands and
23  acknowledges the following:
24      a.   The United States Sentencing Guidelines, promulgated by the
25  United States Sentencing Commission, are applicable to this case;
26      b.   The Court will determine Defendant's applicable Sentencing
27  Guidelines range at the time of sentencing;
28

   c. The Court may impose any sentence authorized by law, including a sentence that, under some circumstances, departs from any applicable Sentencing Guidelines range up to the maximum term authorized by law;

   d. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties, or by the United States Probation Department; and

   e. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. <u>Ultimate Sentence</u>. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7. <u>Elements of the Offense</u>. The elements of the offense of Attempted Receipt of Explosives, as charged in the Information, in violation of Title 18, United States Code, Section 844(d), are as follows:

  First, Defendant attempted to receive explosives that had traveled in interstate or foreign commerce; and

  Second, Defendant knew and intended that the explosives would be used to damage real or personal property.

8. <u>Statement of Facts</u>. The parties agree on the following facts in support of Defendant's guilty plea. Defendant admits he is guilty of the charged offense.

  1. On May 9, 2003, Defendant approached a student at Western Washington University and asked the student to assist him in a plan to bomb one of several military facilities in the Bellingham, Washington area.

  2. As part of this plan, Defendant drew up a diagram of one of the facilities, inspected satellite photographs of another facility on the internet and drove around other facilities and inspected them late at night.

  3. As part of this plan, Defendant met with an undercover agent in an attempt to acquire C-4 plastique explosives that had traveled in interstate commerce.

Defendant knew and intended that these explosives would be used to damage real and personal property.

9. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to move to dismiss the pending counts in the Indictment at the time of sentencing and not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, or that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes that the United States has agreed not to prosecute all of the criminal charges that the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement.

Defendant agrees and acknowledges that the charges to be dismissed at the time of sentencing are based on fact and do not provide Defendant with a basis for any future claims as a "prevailing party" under the "Hyde Amendment," Pub.L. No. 105-119 (1997).

10. **Voluntariness of Plea.** Defendant acknowledges that he has entered this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

11. **Statute of Limitations.** In the event that this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court; or (2) 30 days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

12. **Post-Plea Conduct.** Defendant understands that the terms of this Plea Agreement apply only to conduct that occurred prior to the execution of this Agreement. If, after the date of this Agreement, Defendant should engage in conduct

1  that would warrant an increase in Defendant's adjusted offense level or justify an
2  upward departure under the Sentencing Guidelines (examples of which include, but are
3  not limited to: obstruction of justice, failure to appear for a court proceeding, criminal
4  conduct while pending sentencing, and false statements to law enforcement agents, the
5  probation officer or Court), the United States is free under this Agreement to seek a
6  sentencing enhancement or upward departure based on that conduct.

7       13.   Acceptance of Responsibility. The United States acknowledges that
8  Defendant qualifies for an acceptance of responsibility adjustment pursuant to U.S.S.G.
9  § 3E1.1(a) because Defendant has assisted the United States by timely notifying the
10 authorities of his intention to plead guilty, thereby permitting the United States to avoid
11 preparing for trial and permitting the Court to allocate its resources efficiently.

12      14.   Sentencing Adjustments.

13          (a). Defendant agrees and stipulates that the provisions of § 2X1.1(b)(1)
14 of the Sentencing Guidelines Manual, which call for a decrease of three (3) levels from
15 the base offense level for an attempt, have no application to this case.

16          (b). The Government reserves the right to argue at sentencing that the
17 provisions of § 2K1.3(b)(2) of the Sentencing Guidelines Manual, which provide for a
18 two (2) level increase of the base offense level where a defendant knew or had reason
19 to believe that the explosives were stolen, are applicable to this case.

20          (c). If the Court determines that Defendant should receive a split-
21 sentence, the parties agree that Defendant should be placed on probation for a period of
22 five (5) years.

23      15.   Completeness of Agreement. The United States and Defendant
24 acknowledge that these terms constitute the entire Plea Agreement between the parties.
25 This Agreement only binds the United States Attorney's Office for the Western District
26 //
27 //
28 //

REVAK PLEA AGREEMENT/— 5

1 | of Washington. It does not bind any other United States Attorney's Office or any other
2 | office or agency of the United States, or any state or local prosecutor.
3 |     DATED: This 19th day of September, 2003.

*[signature]*
PAUL DOUGLAS REVAK
Defendant

*[signature]*
THOMAS W. HILLIER II
Attorney for Defendant

*[signature]*
PAUL HARTLEY  Tim LOHRAFF
Attorney for Defendant

*[signature]*
ANDREW R. HAMILTON
Assistant United States Attorney

*[signature]*
KARYN S. JOHNSON
Assistant United States Attorney

REVAK PLEA AGREEMENT/— 6